NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUARDO SERRANO,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY,<br><br>    Defendant. | Civil Action No. 13-1911 (RBK)<br><br><br>OPINION |

APPEARANCES:

    EDUARDO SERRANO, #768322B, Plaintiff Pro Se
    South Wood State Prison
    215 Burlington Road South
    Bridgeton, New Jersey 08302

**KUGLER, District Judge**:

Eduardo Serrano, a prisoner incarcerated at South Wood State Prison, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. This Court will grant the application to proceed in forma pauperis. Having screened the Complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the federal claims raised in the Complaint and decline to exercise supplemental jurisdiction.

## I.   BACKGROUND

Eduardo Serrano brings this action against the State of New Jersey for violation of his constitutional rights under 42 U.S.C. § 1983. He asserts the following facts: "On March 2012, while working in the kitchen, cleaning metal pan lids, I injured my lower back while lifting the pan lids into the cleaning sink." (ECF No. 1 at 4.) Serrano further states that he filed a tort claim which New Jersey denied. For violation of his constitutional rights, he seeks damages.

## II.   STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner is seeking redress against a government employee or entity, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

In order to withstand dismissal for failure to state a claim, "a complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n. 3 (2007)).  " The pleading must contain sufficient factual allegations so as to state a facially plausible claim for relief."  Mayer v. Belichick, 605 F.3d 223, 229-230 (3d Cir. 2010) (citations omitted).   A claim possesses such plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   In deciding dismissal under the Rule 12(b)(6) standard, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer at 230; see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).   The Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.   See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

A.  Failure to Protect

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Liberally construing Serrano's allegations, the Court reads the Complaint as possibly seeking damages under § 1983 for failing to adequately protect him from injury while he worked in the kitchen of the facility.  Serrano asserts that he injured his back while lifting metal pan lids

into the sink in the kitchen.   The problem with Serrano's constitutional claims is that his allegations indicate negligence at worst, but negligence does not rise to the level of a constitutional violation.   See Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("a prison official cannot be found liable under [§ 1983] for denying an inmate humane conditions of confinement unless the official . . . [was] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . [drew] the inference"); Davidson v. Cannon, 474 U.S. 344 (1986) (prison official's negligent failure to protect inmate from assault by another inmate because official "mistakenly believed that the situation was not particularly serious" does not state a claim under § 1983); Daniels v. Williams, 474 U.S. 327 (1986) (inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983).   Because negligence is not sufficient to state a claim under 42 U.S.C. § 1983, this Court will dismiss the federal claims for failure to state a claim upon which relief may be granted.   See Small v. Visinsky, 386 Fed. App'x 297, 299 (3d Cir. 2010); Franco-Calzada v. United States, 375 Fed. App'x 217 (3d Cir. 2010).

     A District Court generally grants leave to correct the deficiencies in a complaint by amendment.   See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).   However, in this case, where Serrano's allegations clearly show negligent conduct at worst, this Court will not grant leave to amend because amendment would be futile.

B.   Supplemental Jurisdiction

     "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## V.   CONCLUSION

Based on the foregoing, this Court will grant Plaintiff's application to proceed in forma pauperis, dismiss the federal claims raised in the Complaint, and decline to exercise supplemental jurisdiction.

s/Robert B.Kugler
**ROBERT B. KUGLER**
United States District Judge

Dated:   April 5  , 2013